USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/22/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YAN CHEN CHE,

       Plaintiff/Petitioner,

-against-

JOSEPH EDLOW, Director of U.S. Citizenship and Immigration Services, KRISTI NOEM, Secretary of U.S. Department of Homeland Security, and the Director of USCIS Humanitarian Affairs Branch,[1]

       Defendants/Respondents.

1:24-cv-2793 (MKV)

**OPINION AND ORDER GRANTING MOTION TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

  Plaintiff Yanchen Che brought this action against Defendants Joseph Edlow, the Director of U.S. Citizenship and Immigration Services, Kristi Noem, the Secretary of U.S. Department of Homeland Security, and the Director of USCIS Humanitarian Affairs Branch pursuant to the Administrative Procedure Act ("APA") seeking to overturn the denial of Plaintiff's application for humanitarian parole filed with the U.S. Citizenship and Immigration Services ("USCIS"). [ECF No. 1, ("Compl." ¶ 1)]. Before the Court is Defendants' motion to dismiss the Complaint, pursuant to Rules 12(b)(1), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure. [ECF No. 16]. For the reasons set forth below, Defendant's motion to dismiss is GRANTED.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Joseph Edlow Director of U.S. Citizenship and Immigration Services is automatically substituted for Ur Mendoza Jaddou former Director of U.S. Citizenship and Immigration Services and Kristi Noem Secretary of U.S. Department of Homeland Security is automatically substituted for Alejandro Mayorkas former Secretary of U.S. Department of Homeland Security. Based on the Court's review Rena Cutlip-Mason is no longer severing as the "Director of USCIS Humanitarian Affairs Branch," however, the Court has been unable to determine who serves as the current Director of USCIS Humanitarian Affairs Branch.

## **BACKGROUND**[2]

### I.   Factual Background

Plaintiff was born and currently resides in China.  Compl. ¶ 24.  Defendants Joseph Edlow, the Director of U.S. Citizenship and Immigration Services, Kristi Noem, the Secretary of U.S. Department of Homeland Security, and the Director of USCIS Humanitarian Affairs Branch are charged with the statutory and regulatory obligation to determine the eligibly of humanitarian parole for persons outside the United States.  Compl. ¶ 25.

Plaintiff is married to Na Su, a citizen of the United States who resides in California.  Compl. ¶ 27.  Plaintiff's wife previously filed a Form I-130 on behalf of Plaintiff.[3]  Compl. ¶¶ 27–28.  Plaintiff's daughter, Xiao Hui Che, immigrated to the United States and became a United States citizen in 2014.  Compl. ¶ 30.  Thereafter, Plaintiff's daughter, developed an aggressive form of leukemia.  Compl. ¶ 31.  Plaintiff applied for a B1/B2 Visitor Visa, but his application was refused due to his then still pending Form I-130 immigrant visa application.  Compl. ¶ 32.  Subsequently, Plaintiff, in an attempt to come to the United States to be with his terminally ill daughter, submitted a Form I-131 and Form I-134 to the USCIS in 2021 based on "urgent humanitarian reasons."  Compl. ¶¶ 33–34.  Plaintiff's application explained the urgent nature of his request and submitted medical evidence of his daughter's terminal condition.  Compl. ¶ 34.

Plaintiff alleges that despite his urgent request, no action was taken until 2022, when the USCIS issued a Request for Evidence ("RFE").  Compl. ¶ 35.  Specifically, the RFE requested that Plaintiff's financial sponsor, his wife, submit additional documents.  Compl. ¶ 35.  Plaintiff timely responded to the RFE, but indicated in this response that his daughter had already passed.

---

[2] The facts stated herein are drawn from Plaintiff's Complaint, ECF No. 1, and are assumed to be true for purposes of this Motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[3] Plaintiff's application was approved in 2017, but his visa was ultimately denied at the U.S. Consultant in Guangzhou, China under Section 212(a)(6)(E) of the Immigration and Nationality Act.  Compl. ¶¶ 27–28.

Compl. ¶ 35.  Ultimately on September 19, 2023, USCIS denied Plaintiff's request for humanitarian parole.  Compl. ¶ 36, *see also* ECF No. 1–1.

## II. Procedural History

Plaintiff commenced this action by filing a Complaint.  [ECF No. 1].  Defendants filed a pre-motion letter seeking leave to file a motion to dismiss, [ECF No. 12], Plaintiff opposed, [ECF No. 13].  In response to the parties' competing letters, the Court issued an Order providing Plaintiff an opportunity to amend his Complaint in response to arguments raised in Defendants' pre-motion letters and setting a briefing schedule for Defendants' anticipated motion.  [ECF No. 14].

Plaintiff elected not to file an amended Complaint.  Thereafter, Defendants moved to dismiss, [ECF No. 16], and in support filed a memorandum of law, [ECF No. 17, ("Defs. Mem.")], and five exhibits.  Plaintiff failed to file a timely opposition.  The Court then issued an Order To Show Cause with respect to Plaintiff's failure to file an opposition to Defendants' motion to dismiss.  [ECF No. 20].  Shortly thereafter, Plaintiff filed his opposition, [ECF No. 22, ("Pl. Opp.")], and Defendants replied.  [ECF No. 23, ("Defs. Reply")].

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) provides that a defendant may move to dismiss for improper venue.  Fed. R. Civ. P. 12(b)(3).  "Motions to dismiss for improper venue and lack of personal jurisdiction are evaluated using the same legal standard.  In either case, plaintiffs bear the burden of demonstrating that venue and jurisdiction are proper."  *Williams v. Preeminent Protective Services*, Inc., 81 F. Supp. 3d 265, 269 (E.D.N.Y. 2015) (citing *Gulf Ins. Co. v. Glasbrenner,* 417 F.3d 353, 355 (2d Cir. 2005)); *see also U.S. Commodity Futures Trading Com'n v. Wilson*, 27 F. Supp. 3d 517, 536 (S.D.N.Y. 2014) ("Upon a motion to dismiss under Rule 12(b)(3), the plaintiff has the burden of pleading venue.").  "Where no evidentiary hearing has

3

been held, 'the plaintiff need only make a prima facie showing of [venue].' " *Del Toro v. Novus Equities, LLC*, No. 20-CV-01002, 2021 WL 5567618, at *2 (S.D.N.Y. Nov. 29, 2021) (citing *Gulf Ins. Co.*, 417 F.3d at 355).

For purposes of a motion to dismiss pursuant to Rule 12(b)(3), the Court accepts as true all factual allegations in the non-moving party's pleadings and draws all reasonable inferences in favor of the non-moving party. *See Water Quality Ins. Syndicate v. Nat'l Pollution Funds Ctr.*, No. 19-CV-6344, 2020 WL 417653, at *4 (S.D.N.Y. Jan. 27, 2020); *see also Person v. Google, Inc.*, 456 F. Supp. 2d 488, 493 (S.D.N.Y. 2006). However, the Court may consider materials outside the pleadings in deciding a motion to dismiss for improper venue. *See Gulf Ins. Co.*, 417 F.3d at 355 (court may rely on pleadings and affidavits); *see also Molokotos-Liederman v. Molokotos*, No. 23-CV-1654, 2023 WL 5977655, at *11 (S.D.N.Y. Sept. 14, 2023) ("And as with a motion to dismiss for lack of subject matter jurisdiction, courts may consider materials outside the pleadings on a motion to dismiss for improper venue.") (cleaned up).

If the Court determines that venue is improper, the decision of "[w]hether dismissal or transfer is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993); *Fisher v. International Student Exchange, Inc.*, 38 F.Supp.3d 276, 284 (E.D.N.Y. 2014) ("The decision whether to dismiss an action for improper venue is committed to the Court's sound discretion.").

## DISCUSSION

### I. Venue In This District Is Improper

Title 28 of the United States Code Section 1391 governs venue and provides that a civil action where the defendants are officers or employees of the United States may be brought in any judicial district in which:

4

> (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1).[4]

Plaintiff alleges in the Complaint that venue is proper in this district because "a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred" in this district. Compl. ¶ 13. In support, Plaintiff alleges that (1) his "daughter was naturalized at the U.S. District Court in Brooklyn, New York," (2) his daughter "resided in the New York metropolitan area at the time Plaintiff filed his request with Defendant USCIS," and (3) "[t]he purpose of the request was to allow Plaintiff to travel to the New York City to visit his daughter before her death." Compl. ¶ 15.

As Defendants correctly argue, Defs. Mem. at 5, none of these allegations are sufficient to satisfy Plaintiff's burden of demonstrating that venue is proper in this district based on substantial events factor.

The Second Circuit has made clear that district courts must "construe the venue statute strictly" and cautioned that courts must "take seriously the adjective 'substantial.'" *Gulf Ins. Co.*, 417 F.3d at 357. "'[A] court should identify . . . the acts or omissions that the plaintiff alleges give rise to [the] claims,' and then 'determine whether a substantial part of *those acts or omissions* occurred in the district where suit was filed.'" *Blakely v. Lew*, 607 F. App'x 15, 17 (2d Cir. 2015) (summary order) (emphasis added) (quoting *Daniel v. American Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005)). "'Substantiality' for venue purposes is more a qualitative than a quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number

---

[4] Plaintiff's residence obviously cannot be the basis for venue in this district under Title 28 United States Code Section 1391(e)(1)(C) because the Complaint clearly alleges that Plaintiff is a citizen and resident in China. Compl. ¶¶ 1, 24, 27.

of contacts." *Daniel*, 428 F.3d at 432–33; *Fedele v. Harris*, 18 F. Supp. 3d 309, 317 (E.D.N.Y. 2014) (quoting *Daniel*, 428 F.3d at 433) ("Where there are some acts that took place within the plaintiff's chosen forum, they are properly deemed significant if they have a close nexus to the claim.").

Plaintiff is asserting an APA claim and arguing that the process and decision by the USCIS with respect to his application for humanitarian parole was arbitrary and capricious. *See* Compl. ¶¶ 1–2, 33–34, 38–41. The fact that Plaintiff's daughter was at one point in time naturalized in Brooklyn is not an act or omission that gave rise to his presently asserted APA claim. *See Fedele*, 18 F. Supp. 3d at 317 (quoting *Jenkins Brick Co. v. Bremer,* 321 F.3d 1366, 1371 (11th Cir. 2003)) ("Only the events that directly give rise to a claim are relevant."). And in any event, the naturalization of Plaintiff's daughter did not occur in this district, it occurred in the Eastern District of New York. *See* 28 U.S.C. § 112(c) (Brooklyn is in the Eastern District of New York); *see also Frazier v. Town of Islip Hous. Auth.*, No. 23-CV-7518, 2023 WL 6541813, at *1 n.2 (S.D.N.Y. Aug. 30, 2023) (noting that Brooklyn is in the Eastern District).

Similarly, Plaintiff generally stating that his daughter lived in the New York metropolitan area and that the purpose of his application was to travel to New York to see his daughter cannot support venue in this district because these facts do not directly give rise or have a close nexus to his claim. *Cf. Feng Chen on behalf of Jiang Jinghon v. Sessions*, 321 F. Supp. 3d 332, 335–36, 336 n.4 (E.D.N.Y. 2018) ("the events giving rise to this mandamus action—the defendants' alleged failure to 'adjudicate' his I–601 and I–212 visa applications" happened outside this district "at the consulate in China and USCIS locations in Missouri and Nebraska"); *Okoli v. Tucker*, No. 22-CV-1439, 2022 WL 676172, at *1 (S.D.N.Y. Feb. 25, 2022) (for purposes of venue "[t]he events giving rise to Petitioner's claims" for a writ of mandamus seeking to compel respondents to reverse the

"unlawful denial" of his petition were where the applications submitted and where interviews took place). It is clear from the documents submitted in support of the Complaint and the motion to dismiss briefing that the events which have a close nexus to Plaintiff's APA claim, such as Plaintiff's application to USCIS for humanitarian parole; Defendants' review of Plaintiff's application, Defendants' request for additional evidence from Plaintiff, and Defendants' denial of Plaintiff's application, all occurred outside of this district. *See* ECF No. 1–3 and ECF No. 17–4 (Plaintiff's initial application for humanitarian parole sent to USCIS branch or office located in Texas); ECF No. 17–2 (Request for Additional Evidence Letter from the USCIS sent from Washington D.C. branch and requesting that Plaintiff send his response to USCIS Washington D.C. Branch); ECF No. 17–3 (Response by Plaintiff to Defendants' Request for Additional Evidence sent to USCIS Washington D.C. branch); ECF No. 1–1 and ECF No. 17–5 (Denial Notice of Plaintiff's Application for Humanitarian Parole from USCIS sent from USCIS Washington D.C. branch).

Furthermore, regardless of whether the allegations on which Plaintiff relies were somehow considered to have given rise to or have a close nexus to his APA claim, they are nonetheless insufficient to support venue in this district because they merely point to New York generally. *See Abalu v. Soc'y of Hum. Res. Mgmt., Jennifer McCollum*, No. 24-CV-5917, 2025 WL 1019199, at *14 (S.D.N.Y. Apr. 4, 2025) (citing *Gulf Ins. Co.*, 417 F.3d at 357) ("Plaintiff's allegations are additionally insufficient because stating that an event occurred in 'New York' does not clarify that it occurred in this District"). Therefore, none of the facts that Plaintiff points to directly gave rise to his APA claim nor do they sufficiently allege substantial events that occurred in this specific district. Plaintiff has not carried his burden of alleging that a substantial part of the events giving rise to his claim occurred in this district.

The Complaint, and Plaintiff's opposition brief, also state that Defendants are all sued in their official capacity and are "resident in this district," *see* Compl. ¶ 14; Pl. Opp. at 3 ¶ 12, seemingly attempting to establish that venue is also proper under subsection (e)(1)(A) of Title 28 of the United States Code Section 1391. However, besides Plaintiff's conclusory allegations, there are no facts alleged to support that Defendants are "resident" in the Southern District of New York and thus the Court need not credit those conclusions. *See P.C. v. Driscoll*, No. 24-CV-2496, 2025 WL 104522, at *6 (S.D.N.Y. Jan. 15, 2025) ("general and conclusory allegations cannot support a finding of venue").

Moreover, Defendants correctly argue that for purposes of venue, Defendants, all of whom are sued in their official capacity, reside where their official duties are performed and neither the Department of Homeland Security nor USCIS are headquartered in this district. Defs. Mem. at 5; *see Noveda v. U.S.P.S.*, No. 23-CV-6041, 2023 WL 5152694, at *2 (S.D.N.Y. July 18, 2023) ("a defendant who is an officer or employee of the United States is deemed to reside where his official duties are performed"); *Caremark Therapeutic Servs. v. Leavitt*, 405 F. Supp. 2d 454, 463–65 (S.D.N.Y. 2005) (explaining that "a federal agency does not reside in a district merely by virtue of having an office in that district" and that venue as to "a federal officer or employee is proper in the place of his or her official residence, where his or her official duties are performed"); *see also Schwarz v. IRS,* 998 F. Supp. 201, 202 (N.D.N.Y. 1998). In response to Defendants' arguments that the Defendants are not resident in this district, Plaintiff again merely asserts the conclusion that Defendants are "resident in this district." Pl. Opp. at 3 ¶ 12. This is insufficient. *See Filsoof v. Wheelock St. Cap., LLC*, 2023 WL 8280496, at *4 (S.D.N.Y. Nov. 30, 2023) (plaintiff's assertion were 'purely speculative' and thus cannot be the basis for establishing proper venue");

*see also Abalu*, 2025 WL 1019199, at *13 ("general and conclusory allegations cannot support a finding of venue").

In sum, Plaintiff has failed to satisfy his burden establishing that venue is proper in this district under any of the subcategories of Title 28 United States Code Section 1391(e)(1), *see Gulf Ins. Co.,* 417 F.3d at 355, and therefore, Defendants' motion to dismiss for improper venue must be granted.

## II. Dismissal Instead Of Transfer Is Appropriate Here

Under Title 28 United States Code Section 1406, a court must dismiss the case or, if it is in the interests of justice, transfer the case to any district in which it could have been brought originally. *See* 28 U.S.C. § 1406(a).

"The district court's decision whether to dismiss or transfer a case 'lies within the sound discretion of the district court.' " *Blakely*, 607 F. App'x at 18 (quoting *Minnette*, 997 F.2d at 1026); *see also Daniel*, 428 F.3d at 435 (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)) ("Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice."). "Transfer should be the usual remedy for improper venue." *Grossman v. Citibank, N.A.*, No. 22-CV-09183, 2022 WL 16751944, at *1 (S.D.N.Y. Nov. 4, 2022) (citing 17 Moore's Federal Practice ¶ 111.34 (3d ed. 2020) ("Ordinarily, transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating.")). However, the Second Circuit has made clear that courts should not "waste judicial resources by transferring a case that is clearly doomed." *Daniel*, 428 F.3d at 436 (quoting *Phillips*, 173 F.3d at 610). Therefore, the Second Circuit has instructed that "[i]f a peek at the merits reveals that the case is a sure loser in the court that has jurisdiction (in the conventional sense) over it, then the court in which it is initially filed—the court that does not have jurisdiction—

9

should dismiss the case rather than waste the time of another court." *Daniel*, 428 F.3d at 436 (cleaned up).

Here, Plaintiff argues that if the Court finds that venue in the Southern District of New York is improper, than the appropriate remedy would be to transfer the case, not to dismiss it. Pl. Opp. at 3 ¶ 14. Defendants argue that although the Court has the discretion to transfer an action laid in an improper venue, the Court should not exercise that discretion here because judicial review of Plaintiff's claim by *any* federal district court is barred by statute. Defs. Mem. at 6–8; Defs. Reply at 7. The Court agrees with Defendants that transfer to another district would in this situation be a waste of judicial resources.

Under Title 8 of the United States Code Section 1252(a)(2)(B), "no court shall have jurisdiction to review . . . (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B). Here, the relevant provision with respect to Plaintiff's claim is Title 8 of the United States Code Section 1182(d)(5), which provides that "[t]he Secretary of Homeland Security may . . . *in his discretion* parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States . . . ." 8 U.S.C. § 1182(d)(5) (emphasis added). Therefore, as Defendants correctly argue, transfer of this action to a proper venue would be futile because no federal district court would have jurisdiction to review Plaintiff's claims which are based on discretionary decisions under Section 1252(a)(2)(B). *See, e.g.*, *Bouarfa v. Mayorkas*, 604 U.S. 6, 19 (2024) (concluding that the Secretary's decision under § 1555 to revoke the agency's prior approval of a visa was a discretionary decision that falls under §

1252(a)(2)(B)(ii) which is a "jurisdiction-stripping statute" and "clearly expresses Congress's desire to preclude judicial review of the Secretary's discretionary revocation of an approved visa petition"); *Giammarco v. Kerlikowske*, 665 F. App'x 24, 26 (2d Cir. 2016) (summary order) (citing *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011) (holding that "the district court correctly concluded that it lacked jurisdiction to consider the merits of [Plaintiff's] habeas petition" where the substance of the petition sought to void discretionary decisions "denying petitioner humanitarian and public benefit parole, a visa waiver, and a visitor visa"); *Islam v. Quarantillo*, 350 F. Supp. 3d 183, 186 (E.D.N.Y. 2018), *aff'd on other grounds*, 803 F. App'x 543 (2d Cir. 2020) ("This exclusion of federal court review extends to the discretionary decision to grant or deny humanitarian parole to an alien."); *Young v. Aviles*, 99 F. Supp. 3d 443, 456 n.8 (S.D.N.Y. 2015) (explaining that the district court lacks jurisdiction to consider a challenge to discretionary decisions denying humanitarian parole to aliens); *see also Milardo v. Kerilikowske*, No. 16-MC-99, 2016 WL 1305120, at *4 (D. Conn. Apr. 1, 2016) ("[C]ourts in this Circuit recognize that the decision to grant an alien parole is normally not reviewable by district courts."); *Salim v. Tryon*, No. 13-CV-6659, 2014 WL 1664413, at *2 (W.D.N.Y. Apr. 25, 2014) ("[F]ederal courts lack jurisdiction to review discretionary decisions concerning parole under section 1182(d)(5)."); *Viknesrajah v. Koson,* No. 09-CV-6441, 2011 WL 147901, *2 (W.D.N.Y. Jan. 18, 2011) ("it is clear that the Court does not have jurisdiction to review the discretionary decision whether to grant parole under 8 U.S.C. § 1182(d)(5)(A)").

Plaintiff argues that the Court has jurisdiction pursuant to Title 8 United States Code Section 1252(a)(2)(D) which provides a narrow exception to the jurisdiction-stripping provision of Section 1252(a)(2)(B) and states "[n]othing in subparagraph (B) . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of

law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D). However, the Second Circuit has confirmed that this exception is limited to "petitions for review filed with an *appropriate court of appeals*." 8 U.S.C. § 1252(a)(2)(D) (emphasis added); *see Shabaj v. Holder*, 718 F.3d 48, 51 (2d Cir. 2013) (concluding that the Second Circuit, not the district court, could possibly have jurisdiction under subsection (a)(2)(D) and explaining that Plaintiff's "argument ignores the statute's requirement that any such claims must be raised upon a *petition for review filed with an appropriate court of appeals.*") (emphasis in original) (internal quotations and citations omitted); *accord Musadique v. Garland*, No. 19-CV-8381, 2021 WL 1089414, at *3 (S.D.N.Y. Mar. 22, 2021) ("It would be the Court of Appeals that would have jurisdiction to review any constitution claims or questions of law properly raised in a petition for review not this Court.").

      Finally, Plaintiff attempts to argue that a district court would have jurisdiction pursuant to Title 28 United States Code Section 1331 because his claim is not challenging the ultimate decision made by USCIS, which he acknowledges was in the complete discretion of USCIS. He argues that his claim is instead challenging as arbitrary and capricious and an abuse of discretion under the APA the procedures that USCIS implemented. Pl. Opp. at 10–13 ¶¶ 38–47. The Second Circuit has previously dismissed this exact type of artful framing of a claim that essentially seeks a review of the discretionary decision as a procedural APA claim. *See Nouritajer v. Jaddou*, 18 F.4th 85, 90 (2d Cir. 2021) ("Plaintiffs cannot end-run this jurisdictional bar by artfully framing a challenge to the agency's substantive decision as a procedural claim.") (internal quotations omitted). Additionally, the Second Circuit has also separately concluded that APA claims are nonetheless barred when statutes specifically preclude judicial review, as the case is here. *See Shabaj*, 718 F.3d at 52 (finding that the APA challenge to USCIS's denial of his application for a

waiver of admissibility was barred by judicial review because "the judicial review provisions of the APA do not apply 'to the extent that . . . statutes preclude judicial review.' ") (citing 5 U.S.C. § 701(a)(1)); *Musadique*, 2021 WL 1089414, at *4 (concluding that the district court lacks jurisdiction to hear Plaintiff's APA claim because the "APA expressly precludes judicial review where a decision is committed to agency discretion by law.") (citing 5 U.S.C. § 701(a)(2)).

Given the voluminous precedent concluding that any district court would lack jurisdiction to review Plaintiff's claims, the Court finds that dismissal, as opposed to transfer, of Plaintiff's claims is appropriate here.

## CONCLUSION

Accordingly, Plaintiff's claims are DISMISSED. The Clerk of Court is respectfully requested to terminate docket entry 16 and to close this case.

**SO ORDERED.**

**Date: September 22, 2025**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**